IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3064-FL

| | |
|---|---|
| DOUGLAS GENE WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CRAVEN CORRECTIONAL ) | |
| INSTITUTION; LARRY DAIL; ) | |
| OFFICER COLLINS; OFFICER ) | |
| JACOBS; AND OFFICER STOCKS, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Also before the court are plaintiff's motions for injunctive relief (DE #s 3,6, 21, 25, 28), motion to transfer (DE # 5), and motion to amend (DE # 26). Defendants have not responded to plaintiff's motions. In this posture, the matters are ripe for adjudication.

A.      Motion to Amend/Frivolity Review

The court allows plaintiff's motion to amend his complaint as a matter of course. See Fed. R. Civ. P. 15(a). The court now turns to its initial review of plaintiff's pleadings and several letters filed in this action. Plaintiff's filings are confusing, difficult to follow, and the court is unsure what specific claims he is attempting to make and exactly whom plaintiff is claiming violated his rights. Accordingly, the court allows plaintiff the opportunity to file <u>one</u> amended complaint in order to clarify his claims. The amended complaint must be clearer than the filings already made. Plaintiff must mention briefly the specific events and correlating dates which are the bases for the suit, the

constitutional rights violated, the injuries sustained, and which defendant allegedly inflicted each injury. Plaintiff is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2).

The amended complaint will supplant plaintiff's previous complaint, amended complaint, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced claims. Finally, the court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2).

B. Motion to Transfer

Plaintiff requests that the court order him transferred to a medical camp because he fears for his safety at Craven Correctional Institution, where he currently is incarcerated. An inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. 2006) (citing Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir. 2004) (per curiam)). Additionally, the North Carolina Department of Public Safety has the discretion to designate an inmate's place of incarceration. See Johnson, 456 F. Supp. 2d at 696. Because plaintiff has no right to choose his place of incarceration, his motion for transfer is DENIED.

C.  Motions for Injunctive Relief

The court construes plaintiff's various motions for injunctive relief as requests for a temporary restraining order.[1]  See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served).  Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed.R.Civ.P 65(b)(1)(A).  The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted.  Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor.  Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction.  See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

## CONCLUSION

For the foregoing reasons, plaintiff's motions for a temporary restraining order (DE #s 3,6, 21, 25, 28) and motion to transfer (DE # 5) are DENIED. Plaintiff's motion to amend (DE # 26) is GRANTED. Plaintiff shall have twenty-one (21) days from the date of this order to amend his complaint in accordance with this order. Upon submission of this additional information, the frivolity review will be undertaken. Failure to provide the additional information within this time will result in dismissal of the complaint without prejudice.

SO ORDERED, this the 16th day of October, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge