IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3064-FL

| | |
|---|---|
| DOUGLAS GENE WHITFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRAVEN CORRECTIONAL )<br>INSTITUTION; LARRY DAIL; )<br>OFFICER COLLINS; OFFICER )<br>JACOBS; AND OFFICER STOCKS, )<br>)<br>Defendant. ) | ORDER |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's pleading submitted in response to this court's October 16, 2012, order directing him to particularize his complaint. Also before the court is plaintiff's motion for entry of default (DE # 37).

The court first conducts a frivolity review of plaintiff's amended pleading. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although

frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff requests that the court "use [his] on going documented violations" as part of his amended pleading. Am. Pleading (Oct. 25, 2012). To the extent plaintiff is requesting that the court incorporate his previously filed pleadings, miscellaneous documents, and numerous letters as part of his amended pleading, the court denies plaintiff's request. The court, in its October 16, 2012, order notified plaintiff that his particularized complaint would supplant his previous filings and that the court would not review his previous filings to glean any misplaced claims. Thus, plaintiff's complaint consists only of the allegations contained in his October 25, 2012, amended pleading.

Plaintiff next alleges that defendants Officer Manning, Sergeant Borden, Officer Woody, Officer DeMatty, and Dr. Engelman acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The court finds that plaintiff is ALLOWED to proceed with this claim.

In addition to the above allegations, plaintiff attempts to assert new and separate claims that arose in May 2012 and August 2012-subsequent to the filing of this action on March 13, 2012. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. See 42 U.S.C. § 1997e(a). Accordingly, plaintiff must notify the court whether he has exhausted his administrative

remedies, pursuant to § 1997e(a), for his claims arising in May 2012 and August 2012. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674 (4th Cir. 2005).

Finally, plaintiff requests that the Clerk of Court make an entry of default because defendants have not answered his complaint. Following the court's frivolity review, the Clerk of Court will direct the United States Marshal's Service to serve defendants on behalf of plaintiff. Because defendants have not been served with the complaint, plaintiff's motion for default judgment is DENIED.

In sum, plaintiff's motion for entry of default (DE # 37) is DENIED. The court also DENIES plaintiff's request to incorporate previous filings into his amended pleading. Plaintiff, however, is allowed to proceed with his Eighth Amendment claims against defendants Officer Manning, Sergeant Borden, Officer Woody, Officer DeMatty, and Dr. Engelman. Finally, plaintiff is given fourteen (14) days to respond to this order and state whether he exhausted his administrative remedies for his claims arising in May 2012 and August 2012. Failure to respond within this time will result in dismissal of these claims without prejudice for failure to exhaust administrative remedies. The Clerk of Court is DIRECTED to issue an order of investigation.

SO ORDERED, this the 8th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge