IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3064-FL

| | | |
|---|---|---|
| DOUGLAS GENE WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CRAVEN CORRECTIONAL INSTITUTION, LARRY DAIL, OFFICER COLLINS, OFFICER JACOBS, OFFICER STOCKS, OFFICER MANNING, SERGEANT BORDEN, OFFICER WOODY, DR. ENGLEMAN, and OFFICER DEMATTY, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss (DE 50) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Sergeant Borden ("Borden"), Officer Collins ("Collins"), Larry Dail ("Dail"), Officer DeMatty ("DeMatty"), Officer Jacobs ("Jacobs"), Officer Manning ("Manning"), Officer Stocks ("Stocks"), and Officer Woody ("Woody"). Also before the court is the motion to dismiss (DE 56) pursuant to Rules 12(b)(5),(6) filed by defendant Dr. James Engleman ("Engleman"). Finally, before the court is plaintiff's motion to amend (DE 63), plaintiff's motion to voluntarily dismiss Collins (DE 55), and the court's review pursuant to 28 U.S.C. § 1915(e)(2)(B) of plaintiff's action against Craven Correctional Institution ("Craven"). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court dismisses plaintiff's action against Craven, grants plaintiff's motion to amend, grants plaintiff's

motion to voluntarily dismiss Collins, grants in part and denies in part Engleman's motion to dismiss, and denies the remaining motion to dismiss.

## STATEMENT OF THE CASE

On March 13, 2012, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendants Collins, Dail, Jacobs, Stocks, and Craven. On October 16, 2012, the court entered an order granting plaintiff's motion to amend, but directing plaintiff to particularize his action. Plaintiff complied with the court's order and submitted an amended pleading.

On February 8, 2013, the court conducted a frivolity review of plaintiff's amended pleading. As part of its review, the court denied plaintiff's request to incorporate his previously filed pleadings, miscellaneous documents, and numerous letters as part of his amended pleading. Instead, the court limited plaintiff's allegations in this action to those contained in his October 25, 2012, amended pleading. The court also allowed plaintiff to proceed with his claim alleging Manning, Borden, Woody, DeMatty, and Engleman acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Finally, the court recognized that plaintiff attempted to assert new and separate claims which arose in May 2012 and August 2012-subsequent to the filing of this action on March 13, 2012. The court directed plaintiff to notify the court whether he exhausted his administrative remedies, pursuant to § 1997e(a), for his claims arising in May 2012 and August 2012.

On March 22, 2013, Borden, Collins, Dail, DeMatty, Jacobs, Manning, Stocks, and Woody filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Engleman subsequently filed a motion to dismiss arguing that plaintiff failed to properly obtain service and that plaintiff failed to state a claim upon which relief may be granted.

2

Alternatively, defendants raise the affirmative defense of qualified immunity. The issues raised in both motions were fully briefed. Plaintiff subsequently filed a motion to amend his complaint to include additional allegations against Engleman, to which Engleman responded.

## STATEMENT OF FACTS

Plaintiff, a state inmate, makes the following allegations.

> On August 28, 2011, plaintiff was having chest pains and was short of breath, then Officer Manning was instructed to take [plaintiff's] power cord that went to [his] breathing machine. Plaintiff then asked Officer Manning to file a medical emergency. Officer Manning called Sgt. on duty, Sgt. Borden. After one hour or so plaintiff passed out fallen, hitting his head causing a large visible injury. Officer Woody called Sgt. Borden back and informed him of what happened during this injury to the Plaintiff. Sgt. Borden informed the plaintiff that he [] informed the OIC in charge, Lt. Dematty. But Lt. Dematty would not let Sgt. Borden to take plaintiff to medical. Plaintiff was not giving any medical care during this day. Plaintiff was in fact left to suffer all night, with visible head injuries and in great pain. Sgt. Borden informed plaintiff that he talked to the OIC three different times, and he refused to act during this emergency, and that Sgt. Borden was not taken the blame for not taken Plaintiff to medical, giving medical, giving medical care during his shift. Still as of Oct. 20, 2012 Plaintiff has not received any x-rays or cat scans for this injury and is still having bad head achs[sic].
>
> Plaintiff has had carpal tunnel on both hands and surgery on "(both)" hands and still suffers from carpal tunnel syndrome in both hands. Plaintiff also suffers back and joint pain daily but Doctor Engleman refused to prescribe sufficient pain medication because of a past drug offense that plaintiff has in fact already paid his debt to society for. This is "Cruel and Unusual punishment, by the Dr. at Craven correctional. Plaintiff has suffered almost 3 years while Dr. Engleman knew plaintiff was in fact in pain because of his medical problems. This is "Deliberate Indifference" of a serious medical need. Plaintiff has in fact had to seek physiological help due to depression from pain. Plaintiff suffers from mental emotional injury d[ue] to discrimination, pain, "Cruel and Unusual punishment. Deliberate Indifference.

Am. Compl. (DE 36) pp. 2-3.

3

Case 5:12-ct-03064-FL   Document 65   Filed 12/20/13   Page 3 of 11

**DISCUSSION**

A.  Motion to Amend

Plaintiff seeks to amend his complaint to supplement his allegations against Engleman alleging that Engleman "refused to treat" his "thyroid deficiency, [] Testosterone deficiency[,] and very high Cholesterol." Second Am. Compl. (DE 63), p. 1. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). Here, the court finds that justice requires that plaintiff be permitted to amend his complaint, and plaintiff's motion is GRANTED. The court further ALLOWS plaintiff to proceed with his amended allegations. See 28 U.S.C. § 1915(e)(2)(B).

B.  Voluntary Dismissal

Plaintiff states that he no longer wishes to pursue his action against Collins. An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2). At this point, Collins has not filed an answer or a motion for summary judgment. Accordingly, plaintiff's motion to voluntarily dismiss Collins from this action pursuant to Rule 41(a)(1) is GRANTED.

C.  Insufficiency of Service of Process

4

Engleman asserts that he should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to effectuate proper service of process in accordance with Federal Rule of Civil Procedure 4. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within one hundred twenty (120) days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m).

Rule 4(e)(1) permits a plaintiff to serve individual defendants pursuant to the law of the "state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004).

When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(a)(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of

5

process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

In this case, the United States Marshal filed a return of service on Engleman indicating service on him at his place of employment via certified mail, return receipt requested. Engleman has presented the "affidavits of more than one person," indicating that the individual that signed the return receipt at the time of delivery was not authorized to accept service on his behalf. Engleman Aff. ¶ 4. Accordingly, the court finds that Engleman has rebutted the presumption of valid service and finds that plaintiff has not properly served Engleman. Based upon the foregoing, the court quashes service as to Engleman, and DIRECTS the Clerk of Court to re-issue service as to Engleman. To facilitate the adjudication of this action on the merits, Young, Moore, & Henderson, P.A. attorney Adam C. Stacy is DIRECTED to provide an address where Engleman may be served within fourteen (14) days of this court's order.

D.   Frivolity Review

The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). A complaint is found frivolous because of either legal or factual deficiencies. First a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of

6

infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis ... in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff's complaint names Craven as a defendant. However, Craven is not a "person" under 42 U.S.C. § 1983, and therefore is not subject to liability. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."); Owens v. McMasters, No. 0:09-0192-TLW-PJG, 2009 WL 1617077, at *3 (D.S.C. June 8, 2009) (finding that named correctional institutions were not persons within the meaning of § 1983) (citations omitted). Thus, plaintiff's action against Craven is DISMISSED pursuant to § 1915(e)(2)(B)(ii).

E.      Motion to Dismiss

    1.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

7

U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

2. Analysis

a. Defendants Dail, Jacobs, and Stocks

On February 8, 2013, the court entered an order stating that plaintiff was attempting to raise claims against defendants Dail, Jacobs, and Stocks that arose in May 2012 and August 2012, which was subsequent to the filing of this action on March 13, 2012. Because the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement, the court instructed plaintiff to notify it whether he exhausted his administrative remedies for these claims.

Defendants Dail, Jacobs, and Stocks have moved to dismiss plaintiff's claims which arose in May 2012 and August 2012, because plaintiff failed to respond to the court's February 8, 2013, order. In his April 5, 2013, response to defendants' motion to dismiss, plaintiff states that he did not receive the court's order directing him to state whether he exhausted his administrative remedies. Plaintiff additionally states that he has exhausted his administrative remedies for these claims, but has not submitted any evidentiary support for his assertion. Because exhaustion of administrative

8

remedies is an affirmative defense and because defendants Dail, Jacobs, and Stocks now have been served and are represented by counsel, the court declines to consider the exhaustion issue at this time to allow Dail, Jacobs, and Stocks to file the appropriate motion raising the affirmative defense. Thus, the pending motion to dismiss is DENIED as to this claim.

        b.        Defendants Borden, DeMatty, Manning, and Woody

Borden, DeMatty, Manning, and Woody argue that plaintiff fails to state a claim for deliberate indifference to a medical need in violation of the Eighth Amendment to the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

The motion to dismiss filed by defendants Borden, DeMatty, Manning, and Woody focuses on the second prong of the Eighth Amendment test, arguing that plaintiff failed to state facts reflecting that they acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison

9

official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Plaintiff asserts that defendants Borden, DeMatty, Manning, and Woody refused to provide him with a power source to operate his C-PAP breathing machine subsequent to a power failure caused at Craven by hurricane Irene. Defendants Borden, DeMatty, Manning, and Woody assert that the pleadings reflect that they could not assist plaintiff with operating his C-PAP machine because Craven did not have power. In response, plaintiff asserts that defendants could have provided him assistance with his C-PAP machine because portions of Craven retained power through a generator. Accepting plaintiff's allegations as true, as the court must at this stage in the proceedings, the court finds that plaintiff has stated a claim.

The court now turns to plaintiff's allegations that defendants Borden, DeMatty, Manning, and Woody acted with deliberate indifference to plaintiff's medical needs. Plaintiff alleges that these defendants refused to obtain medical assistance for plaintiff after plaintiff fell in his cell and sustained "visible head injuries and [was] in great pain." Am. Compl. (DE 36), p. 2. The court finds that these allegations state a claim, and DENIES defendants' motion to dismiss. See Shakka, 71 F.3d at 166.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) GRANTS plaintiff's motion to voluntarily dismiss (DE 55) Collins from this action without prejudice.

(2) GRANTS plaintiff's motion to amend (DE 63).

(3) GRANTS in part and DENIES in part Engleman's motion to dismiss (DE 56). The court GRANTS the motion as to Engleman's challenge to service of process, QUASHES service as to Engleman, and DIRECTS the Clerk of Court to re-issue service as to Engleman. The court DIRECTS Young, Moore, & Henderson, P.A. attorney Adam C. Stacy to provide an address where Engleman may be served without fourteen (14) days of the date of this order. The court DENIES the remainder of Engleman's motion to dismiss.

(4) The DENIES the motion to dismiss (DE 50) filed by defendants Borden, Dail, DeMatty, Jacobs, Manning, Stocks, and Woody.

(5) The court reserves ruling on the affirmative defense of qualified immunity until it is raised in conjunction with a more complete record.

(6) The court DISMISSES plaintiff's action against Craven pursuant to § 1915(e)(2)(B)(ii).

(7) The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 20th day of December, 2013.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge