IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3064-FL

| | | |
|---|---|---|
| DOUGLAS GENE WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARRY DAIL, OFFICER JACOBS, | ) | |
| OFFICER STOCKS, OFFICER | ) | |
| MANNING, SERGEANT BORDEN, | ) | |
| OFFICER WOODY, DR. JAMES D. | ) | |
| ENGLEMAN, and OFFICER | ) | |
| DEMATTY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on second motion dismiss (DE 77) filed by defendant Dr.

James D. Engleman ("Engleman"), pursuant to Federal Rule of Civil Procedure 12(b)(6), which was

fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons,

the court grants in part and denies in part defendant Engleman's motion.

## STATEMENT OF THE CASE

On March 13, 2012, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983,

against defendants Officer Collins ("Collins"),Larry Dail ("Dail"), Officer Jacobs ("Jacobs"),

Officer Stocks ("Stocks"), and Craven Correctional Institution ("Craven").[1]  Plaintiff subsequently

filed several documents and letters, including a motion to amend his complaint.  On October 16,

---

[1]  The court has constructively amended the caption to reflect subsequent voluntary dismissal of defendant Collins, and dismissal of Craven upon frivolity review, as noted further in the text of this order.

2012, the court entered an order granting plaintiff's motion to amend, but directing plaintiff to particularize his action.  Plaintiff complied with the court's order and submitted an amended pleading.  As part of his amended pleading, plaintiff expressed an intent to incorporate his prior filings, miscellaneous documents, and numerous letters as part of his amended pleading.

On February 8, 2013, the court conducted a frivolity review of plaintiff's amended pleading. As part of its review, the court denied plaintiff's request to incorporate his previous filings into his amended pleading, and limited plaintiff's allegations to those contained in his October 25, 2012, amended pleading.  The court also allowed plaintiff to proceed with a claim alleging that Officer Manning ("Manning"), Sergeant Borden ("Borden"), Officer Woody ("Woody"), Officer DeMatty ("DeMatty"), and Engleman acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  To the extent plaintiff sought to include new and separate claims which arose subsequent to the filing of this action on March 13, 2012, the court directed plaintiff to notify it whether plaintiff exhausted his administrative remedies, pursuant to 42 U.S.C. § 1997e(a), for these new claims.

On March 22, 2013, Borden, Collins, Dail, DeMatty, Jacobs, Manning, Stocks, and Woody filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted.  Then, on April 5, 2013, plaintiff filed a motion to voluntarily dismiss Collins from this action.  Engleman subsequently filed a motion to dismiss arguing that plaintiff failed to properly obtain service and that plaintiff failed to state a claim upon which relief may be granted. Alternatively, defendants raised the affirmative defense of qualified immunity.  The issues raised in both motions were fully briefed.  Plaintiff subsequently filed a motion to amend his complaint to include additional allegations against Engleman.  This motion also was fully briefed.

On December 20, 2013, the court entered an order granting plaintiff's motion to amend and motion to voluntarily dismiss Collins from this action without prejudice. The court also granted in part and denied in part Engleman's motion to dismiss. The court granted Engleman's motion as to Engleman's challenge to service of process and quashed service as to Engleman.[2] The court denied the remainder of Engleman's motion to dismiss. The court also denied the motion to dismiss filed by defendants Borden, Dail, DeMatty, Jacobs, Manning, Stocks, and Woody. Finally, the court dismissed plaintiff's action against defendant Craven pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

On January 9, 2014, Engleman filed a second motion to dismiss, arguing that plaintiff failed to state an Eighth Amendment claim against him. The motion was fully briefed.

## STATEMENT OF FACTS

The facts pertaining to plaintiff's claims against Engleman as viewed in the light most favorable to plaintiff are as follows. Plaintiff was a state inmate incarcerated at Craven Correctional Institution ("Craven") at the time the instant cause of action arose. Plaintiff states that he had

> carpal tunnel on both hands and surgery on "(both)" hands and still suffer[ed] from carpal tunnel syndrome in both hands. Plaintiff also suffer[ed] back and joint pain daily but Doctor Engleman refused to prescribe sufficient pain medication because of a past drug offense that plaintiff ha[d] in fact already paid his debt to society for. . . . Plaintiff [] suffered almost 3 years while Dr. Engleman knew plaintiff was in fact in pain because of his medical problems. . . . Plaintiff . . . had to seek psychological help due to depression from pain. . . .

Am. Compl. (DE 36) pp. 2-3.

Plaintiff additionally states that "he filed sick call after sick call requesting relief from pain and suffering." (Pl.'s Resp. (DE 60).) Plaintiff states that Engleman "had full knowledge that

---

[2] On December 27, 2013, counsel for Engleman informed the court that he had authority to accept service of process on behalf of Engleman. Counsel was served on the same date. See (DE 67, 68.)

Plaintiff suffered from Arthritis, but refused to act on behalf of plaintiff's request for help den[y]ing relief or help, causing injuries, both physical and mental. Plaintiff was forced to endure periods of intense pain and discomfort because his pleas for medical assistance went unheaded by [] Engleman." (Id.)

At some point, plaintiff was transferred to the custody of the Federal Bureau of Prisons in Otisville, New York, and began treatment with Dr. Sommers. (Am. Compl. (DE 63), p.1.) Plaintiff states that Dr. Sommers conducted the same laboratory tests that Engleman performed, and that Dr. Sommers determined that plaintiff had thyroid deficiency, testosterone deficiency, and "very high cholesterol." (Id.) Plaintiff states that Engleman refused to provide treatment for these conditions while plaintiff was at Craven.

## DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

4

omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

B.      Analysis

        1.      Deliberate Indifference to Medical Needs

Defendant Engleman raises the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

Plaintiff, in this case, contends that Engleman refused to treat his chronic pain, thyroid deficiency, testosterone deficiency, and high cholesterol. Beginning with the objective prong of the

5

Eighth Amendment test, the court finds that plaintiff's allegations that Engleman's actions resulted in chronic pain state an Eighth Amendment claim. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (stating that a serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention") (internal quotation marks omitted); see, e .g., Brock v. Wright, 315 F.3d 158, 163 (2nd Cir. 2003) ( "We will no more tolerate prison officials' deliberate indifference to the chronic pain of an inmate than we would a sentence that required the inmate to submit to such a pain."); McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) ("[P]rison officials may violate the Eighth Amendment by failing to treat an inmate's pain.").

In addition, the alleged failure to treat plaintiff's thyroid deficiency, testosterone deficiency, and "very high cholesterol" satisfies the objective prong of the Eighth Amendment test at this stage in the proceeding. See Iko, 535 F.3d at 241(internal citation omitted) ("A 'serious ... medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"). Thus, for the purposes of this motion, plaintiff satisfies the objective prong of the Eighth Amendment test.

The court next turns to the second prong of the Eighth Amendment test–whether Engleman acted with deliberate indifference to plaintiff's medical needs. Here, accepting plaintiff's allegations as true, as the court must at this stage in the proceedings, the court finds that plaintiff's contention that Engleman refused to treat plaintiff for his chronic pain, thyroid deficiency, testosterone deficiency, and high cholesterol states an Eighth Amendment claim.[3] See Estelle v. Gamble, 429

---

[3] Defendant Engleman relies upon a laboratory report attached to plaintiff's July 17, 2013, motion to support his contention that plaintiff's thyroid, testosterone, and cholesterol levels were within normal limits. See ((DE 63), attach.) Engleman, however, admits that the lab values do not indicate what plaintiff's thyroid, testosterone, or cholesterol levels were during the time plaintiff was receiving treatment from Engleman. (Engleman's Mem. (DE 78), n. 3.) Thus, the

U.S. 97, 105 (1976) (finding that deliberate indifference to an inmate's illness states a cause of action pursuant to § 1983 whether the "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); De'Lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) ("[A] prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need."); Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) (ruling that an inmate stated an Eighth Amendment claim against a prison nurse who allegedly tore up the paperwork which caused the plaintiff to be denied a prescribed medication for fifteen days); see also, Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation and citation omitted). Thus, Engleman's motion to dismiss is DENIED. Because the current record is insufficient to make a determination as to the issue of qualified immunity at this time, the court reserves the issue for another day.

2.      Medical Malpractice Claim

Engleman seeks to dismiss plaintiff's state law medical malpractice claim due to plaintiff's alleged failure to comply with North Carolina Rule of Civil Procedure 9(j). In response, plaintiff states that he has not alleged a state law medical malpractice claim. See (Pl.'s Resp. (DE 86), p. 2.) Thus, Engleman's motion to dismiss this claim is DENIED as MOOT.

---

attached laboratory report does not provide conclusive proof that Engleman did not act with deliberate indifference to the treatment of these conditions while plaintiff was under his care.

3. Punitive Damages

Engleman argues that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268 (1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference in this case. Thus, he has sufficiently pled punitive damages, and defendant's motion to dismiss plaintiff's claim for punitive damages is DENIED.

4. Injunctive Relief

Engleman argues that plaintiff's claim for injunctive relief is moot because plaintiff has been transferred from Craven, where he received the alleged inadequate medical care, to the Federal Bureau of Prisons' custody. Generally, an inmate's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); see also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has not made any argument that his request for injunctive relief is not moot. Thus, plaintiff's claims for injunctive relief are DISMISSED as MOOT.

**CONCLUSION**

For the foregoing reasons, Engleman's second motion to dismiss (DE 77) is GRANTED in part and DENIED in part. Engleman's motion is GRANTED as to plaintiff's request for injunctive relief, but DENIED as to the remainder of the motion. Plaintiff's requests for injunctive relief are a DISMISSED as MOOT. The court is DIRECTED to issue a case management order as to this defendant.

SO ORDERED, this the 20th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge