IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3064-FL

| | |
|---|---|
| DOUGLAS GENE WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CRAVEN CORRECTIONAL ) | |
| INSTITUTION, LARRY DAIL, ) | |
| OFFICER COLLINS, STEPHEN ) | |
| JACOBS, TAMMIE STOCKS, HOPE ) | |
| MANNING, ERIC BORDEN, ) | |
| KENNETH WOODY, DR. JAMES D. ) | |
| ENGLEMAN, and JOSEPH DEMATTY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On March 13, 2012, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendant Dr. James D. Engleman ("Engleman") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The court granted Engleman's motion for summary judgment on March 25, 2015,[1] and closed this case. On the same date, plaintiff filed the instant pleading captioned "motion in opposition defendants' reply" (DE 124). Because the court entered its March 25, 2015, order prior to receiving the instant motion in the mail, the court now addresses plaintiff's pending motion.

Plaintiff first asserts that "granting Summary Judgment in this case would be an injustice before discovery is complete." (Pl.'s Mot. p. 1.) The court addressed this issue in its March 25,

---

[1] The court also granted the remaining defendants' motion for summary judgment on this date.

2015, order. Specifically, the court stated that plaintiff was provided ample opportunity to conduct discovery pursuant to the court's April 29, 2014, case management order, and the record reflects that plaintiff did, in fact, conduct discovery in this case. Thus, plaintiff is not entitled to relief on this ground.

Plaintiff, next, requests that the court allow him to "add to [his] complaint that [he] received knee surgery on December 1, 2014 for the knee pain that he suffered for three years under [defendant Engleman's] care." (Id.) As set forth in the court's March 25, 2015, order, the record reflects that Engleman was responsive to plaintiff's complaints of pain and provided extensive treatment. To the extent defendant Engleman's efforts in diagnosing and treating plaintiff's medical needs were not effective or that another medical professional disagrees with Engleman's assessment of plaintiff's condition, such allegations do not constitute a constitutional violation. See Williams v. Branker, 462 F. App'x 348, 354 (4th Cir. 2012); see also, Vanderhart v. Felts, No. 5:10-0492, 2012 WL 727647, at *13 (S.D.W. Va. Feb. 15, 2012) ("Although a community physician subsequently determined that surgery was warranted to treat Plaintiff's knee condition, the mere disagreement of opinions by physicians does not establish deliberate indifference."). The fact that plaintiff received knee surgery nearly two years subsequent to the date defendant Engleman ceased

2

treating plaintiff on January 22, 2013, does not alter the court's conclusion. Based upon the foregoing, plaintiff's motion (DE 124) is DENIED.

SO ORDERED, this the 14th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge